956 F.2d 1172
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Luvenia D. ROGERS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3339.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1992.
 
 Before RICH, MAYER and PLAGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Luvenia D. Rogers appeals from the December 6, 1990 Initial Decision of the Administrative Judge (AJ) dismissing the appeal as untimely filed, Docket No. DA08318910485-1, which became the final decision of the Merit Systems Protection Board (MSPB) when it denied review on April 17, 1991. We affirm.
 
 DISCUSSION
 
 2
 By reconsideration decision dated November 10, 1988, the Office of Personnel Management (OPM) determined that Aggie Rogers, not Luvenia Rogers, was entitled to a survivor annuity as the widow of Girard Rogers. The record reflects that, on or after January 16, 1989, after receipt of OPM's decision in unreadable form, Luvenia Rogers filed with OPM the first of two Freedom of Information Act (FOIA) requests pertaining to her claim for a survivor annuity and to the competing claim of Aggie Rogers. However, Luvenia Roger's appeal of OPM's November 10, 1988 decision was not received by the MSPB until July 11, 1989.
 
 
 3
 As stated in the Initial Decision, Luvenia Rogers justified her approximately seven-month delay on the basis of OPM's failure to answer her FOIA requests. The AJ found that Luvenia Rogers had been aware from the time she filed her own claim of the competing claim of Aggie Rogers, and that receipt of the unreadable November 10, 1988 decision had, at a minimum, put Luvenia Rogers on notice that OPM had made some type of decision. The AJ further found that Luvenia Rogers had failed to explain why it was necessary to file the FOIA requests, instead of contacting OPM directly. In light of these findings, the AJ concluded that Luvenia Rogers had failed to exercise diligence or reasonable prudence after receipt of OPM's decision, and hence had failed to establish good cause for the untimely filing of her MSPB appeal.
 
 
 4
 We may overturn the AJ's decision that good cause was not shown only if we find it to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. See 5 USC 7703(c). Although Luvenia Rogers responds to the AJ's decision by alleging that neither she nor her attorney were able to contact OPM directly, neither of their respective affidavits contains any averral that either of them had attempted to telephone OPM regarding the matters at issue in this case. We see no reversible error in the AJ's conclusion that under the circumstances, filing FOIA requests, as opposed to directly contacting OPM, was not a prudent course of action and did not justify an approximately seven-month delay.
 
 
 5
 PLAGER, Circuit Judge, concurring.
 
 
 6
 A couple marry, live together for thirty five years, and raise five children. Upon the death of the husband, a woman to whom he was married for a short time before he married his present wife and from whom he (and the family) believed he was long ago divorced, comes forward. She claims that the first marriage was never properly terminated, and that she, the first wife, is entitled to his survivor's pension.
 
 
 7
 OPM declares the second wife, Luvenia Rogers, to be the lawful surviving spouse, but later reverses itself on the grounds that the first wife was entitled to rely on a presumption of continuity of the marriage, and the second wife had not produced documentary proof of the divorce.
 
 
 8
 There is considerable confusion about whether the second wife was apprised of OPM's change of position. The second wife after repeated requests and some months receives official notice of the action. Her attorney files her appeal 28 days later, instead of the specified 25 days. Her appeal is ruled to be out of time, the appeal is disallowed and the first wife walks off with the pension.
 
 
 9
 I appreciate the need for deadlines, and the importance of their consistent application as a matter of good administrative practice. At the same time, those of us responsible for ensuring that the goal of our system remains justice and not simply the application of rules must be alert to apparent cases of injustice. This case reeks of injustice, yet it is difficult--and the panel has concluded impossible--for an appellate court to pierce the veil of failures and procedural slips that keep us from knowing the truth in this case.